[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The appeal is from the judgments entered and sentences imposed upon the verdict of a jury finding the defendant-appellant, David O. Lee, guilty of involuntary manslaughter and aggravated robbery, both of which offenses carried a firearm specification.
In abbreviated form, the first assignment of error is that the trial court erred in overruling Lee's motions for acquittal made pursuant to Crim.R. 29 at the close of the state's case and at the conclusion of all the evidence. The second is that the verdict was contrary to the manifest weight of the evidence.
The prosecution adduced evidence that, during the late evening hours of November 3, 1998, Lee was in the company of two other men, Nathan Carter and Ishmell Fusta, discussing a plan to commit a robbery of any victim they could locate. Carter possessed a loaded, operable handgun that had been given to him by Foster with Lee's knowledge. Ultimately, Lee and his companions saw their victim near the entrance to an alley. They believed him to be a dealer in "crack" cocaine, likely to be carrying the proceeds of his sales. The victim was forced by Carter, at gunpoint, into the darkness of the alley, where he collapsed to the ground, begging for his life. Carter placed his weapon to the back of the victim's head and fired a single, fatal shot because the victim had "looked" at him. The shot attracted the attention of a neighbor who knew the victim. The neighbor entered the alley, saw his friend's body in a pool of blood, and summoned police. The victim's trousers had been pulled down partially and the right pockets pulled out, although there was no direct evidence of what may have been taken from them.
At trial, both Carter and Foster testified against Lee, as they had agreed to do in their plea bargains. Foster admitted supplying the firearm, and Carter admitted the murder, one of the crimes to which he entered a plea of guilty. Both placed Lee at the victim's feet when the gun was fired.
In the presence of his trial counsel, Lee advised the court that he was electing not to testify in his own behalf or to present any defense. During his allocution, he denied being "involved" with Carter and Foster.
The record convinces us that neither of the assignments has merit. The first is overruled on the authority of State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184 and upon those cases that have routinely applied its ruling. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
When Lee's motion for acquittal was renewed after all the evidence had been adduced, the court, in granting it in part, said this:
 I'm not convinced at this point that this defendant had the specific intent on November 3, 1998, to specifically cause the death of Quincy Freeman. Therefore, I'm not going to grant the Rule 29 motion in full, but I will grant the motion as far as the matter will go to the jury as an involuntary manslaughter. I think the evidence is certainly sufficient to justify that.
In regards to Count 1, the Rule 29 motion is overruled. In regards to Count 2, this matter will go to the jurors as an involuntary manslaughter, felony of the first degree.
The second assignment is overruled on the authority ofState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212; Statev. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. See Statev. Williams (Aug. 1, 1997), Hamilton App. No. C-950729, unreported, in which we held the following:
 The weight of the evidence "concerns the `inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief.'" The reviewing court sits as a thirteenth juror and examines the record of the case; weighs the evidence and all reasonable inferences; considers the credibility of the witnesses; and "determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." [Citations omitted.]
Here, the record convinces us that the verdict was not contrary to the manifest weight of the evidence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 ________________ PRESIDING JUDGE SUNDERMANN